# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-416-RJC
# (3:13-cr-325-RJC-DCK-1)

| | |
|---|---|
| MONTEZ GADDY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

## I. BACKGROUND

In December 2013, a Mecklenburg County Sheriff's deputy stopped a Ford Mustang in which Petitioner Montez Gaddy was a passenger. (Crim. Case No. 3:13-cr-325-RJC-DCK-1, Doc. No. 49 at ¶ 4-17: PSR). The stop was made at the request of the United States Marshals Service, which was conducting a fugitive investigation. (Id.). A woman was driving the car, and Petitioner and another woman were passengers. (Id.). Law enforcement officers, including United States Marshal Joe Graham, who was driving a Ford Explorer, surrounded the vehicle. (Id.). A sheriff's deputy ordered the driver of the Mustang to stop and ordered Petitioner to get out of the car. (Id.). Although the driver attempted to comply, Petitioner did not. (Id.). Instead, Petitioner yelled, "drive bitch drive," and sought to take control of the Mustang from the driver. (Id.). He eventually succeeded when the two women got out of the vehicle, and he slid into the driver's seat. (Id.).

1

Graham returned to his vehicle after unsuccessfully attempting to open the Mustang's door. (Id.). He then positioned his Explorer to block Petitioner's avenue of escape. (Id.). Petitioner revved the Mustang's engine and then drove it into the rear driver's side of Graham's Explorer, causing extensive damage. (Id.). Petitioner then maneuvered the Mustang between Graham's Explorer and another law enforcement vehicle. (Id.). A high-speed chase ensued. (Id.). Officers found the Mustang abandoned in a parking lot. (Id.). Eventually, Petitioner, who was in a nearby residence, surrendered and was arrested. (Id.).

A grand jury indicted Petitioner, charging him with using a dangerous weapon to "forcibly assault, resist, oppose, impede, intimidate, and interfere with" an officer of the United States engaged in the performance of his duties, in violation of 18 U.S.C. § 111(a)(1) and (b).[1] (Crim. Case No. 3:13-cr-325-RJC-DCK-1, Doc. No. 1: Indictment). Petitioner proceeded to trial and testified in his own defense. (Id., Doc. No. 57 at 17: Trial Tr.). He testified that he was guilty of "resisting and opposing, not assault." (Id. at 38). This Court instructed the jury that the elements of a Section 111 offense were: (1) "that the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with" Graham; (2) that Graham was a federal officer engaged in the performance of his official duties; (3) that the defendant used a deadly or dangerous weapon; and (4) that the defendant acted intentionally. (Id. at 212).

The jury convicted Petitioner of the charge, specifically finding that he had used a dangerous weapon in committing the offense. (Id., Doc. No. 41: Jury Verdict). At sentencing, this Court found that an upward departure and variance was necessary to reflect the seriousness of Petitioner's offense and criminal history, as well as to protect the public from further crimes

---

[1] Section 111(b) provides an enhanced penalty for using a deadly or dangerous weapon to commit the offense.

by Petitioner. (Id., Doc. No. 76 at 22-27). This Court sentenced Petitioner to 120 months of imprisonment. (Id. at 27).

Petitioner appealed, arguing that this Court had erred in calculating the applicable guideline range. The Fourth Circuit affirmed. United States v. Gaddy, 656 F. App'x 628 (4th Cir. July 13, 2016), pet. for reh'g en banc denied, No. 15-4551 (Aug. 9, 2016), cert. denied, 137 S. Ct. 677 (2017). Petitioner timely filed the present motion to vacate on July 11, 2017, in which he argues that he received ineffective assistance of counsel on appeal, because counsel's petitions for rehearing en banc and for a writ of certiorari were not based on a newly issued Tenth Circuit decision, and that this Court erred in instructing the jury. He also requests an abeyance of at least 30 to 60 days to obtain emails that he allegedly sent to his attorney. (Civ. Doc. No. 1-1 at 8).

II.     **STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.     **DISCUSSION**

**A. Petitioner's Claim of Ineffective Assistance of Appellate Counsel**

The court first addresses Petitioner's claim of ineffective assistance of appellate counsel, in which Petitioner contends that counsel was ineffective for failing to base her petitions for rehearing en banc and for a writ of certiorari on United States v. Wolfname, 835 F.3d 1214 (10th

Cir. 2016) a decision by the Tenth Circuit Court of Appeals in which that circuit held that assault is an element of a Section 111 offense. The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010).

Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000). To establish ineffective assistance of counsel at sentencing, a petitioner must show that but for counsel's deficient performance, there is a reasonable probability that he would have received a lower sentence. See Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999).

Courts should ordinarily only find ineffective assistance for failure to raise claims on appeal when "ignored issues are clearly stronger than those presented." Smith v. Robbins, 528 U.S. 259, 288 (2000) (internal citation and quotation omitted). Appellate counsel is not required to

4

assert all non-frivolous issues on appeal. Griffin v. Aiken, 775 F.2d 1226, 1235 (4th Cir. 1985). Rather, "it is the hallmark of effective appellate advocacy" to winnow out weaker arguments and to focus on more promising issues. Smith v. Murray, 477 U.S. 527, 536 (1986). Thus, "[a] decision with respect to an appeal is entitled to the same presumption that protects sound trial strategy." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). Additionally, the petitioner still bears the burden to show that there is a reasonable probability that but for counsel's failure to raise an issue on appeal, the result of the proceeding would have been different, i.e., he would have prevailed on appeal. See Robbins, 528 U.S. at 285-86.

Petitioner contends that his appellate attorney provided ineffective assistance of counsel because she did not file a petition for rehearing en banc, or a petition for writ of certiorari, based on the Tenth Circuit's decision in United States v. Wolfname, 835 F.3d 1214 (10th Cir. 2016), in which that circuit court of appeals held that assault is an element of a Section 111 offense. Petitioner's contention is without merit. First, Wolfname was not decided until August 26, 2016—forty-four days after Petitioner's conviction was affirmed and seventeen days after his petition for rehearing en banc was denied. Thus, counsel could not have raised this issue in a timely petition for rehearing en banc because she had already filed a petition for rehearing en banc and that petition had been denied before Wolfname was decided. See FED. R. APP. P. 35(c), 40(a)(1) (allowing 14 days to petition for rehearing). Nor can Petitioner show that any decision by counsel not to raise Wolfname for the first time in her petition for a writ of certiorari fell below an objective standard of reasonableness. See S. Ct. R. 10 (noting petitions for review will only be granted for "compelling reasons"). Accordingly, counsel's performance was not deficient. See Strickland, 466 U.S. at 687-88.

5

In any event, Petitioner cannot show prejudice because the Fourth Circuit Court of Appeals, which is binding precedent in this Court, has held that assault is not a required element of a Section 111 offense. United States v. Briley, 770 F.3d 267, 273 (4th Cir. 2014). In Briley, the Fourth Circuit held that "it was proper for the district court to instruct the jury that Briley could have committed any of the threshold acts charged—not 'assault' only—to be found guilty of a § 111 offense." Id. at 275. Thus, even if Wolfname had been decided and could have been raised in a petition for rehearing en banc, Petitioner cannot show prejudice because that decision does not establish error, plain or otherwise. Finally, because the argument that assault is an element of a Section 111 offense was never raised and because Briley is binding precedent, the non-binding decision in Wolfname would not have provided a fruitful basis for seeking further review. See S. Ct. Rule 10; 4th Cir. R. 40. Accordingly, Petitioner cannot show that his attorney was deficient or that he suffered prejudice. See Strickland, 466 U.S. at 687-88, 694. Therefore, his claim of ineffective assistance of appellate counsel will be denied.

**B. Petitioner's Challenge to the Jury Instructions**

Petitioner next contends that this Court erred by not instructing the jury that it had to find that he committed an assault in order to convict him under Section 111. See (Civ. Doc. No. 1 at 3, 6). A Section 2255 motion is not a substitute for a direct appeal. Claims of error that could have been raised on direct appeal, but were not, are procedurally barred unless the petitioner shows both cause for the default and actual prejudice, or demonstrates that he is actually innocent of the offense. See Bousley v. United States, 523 U.S. 614, 621-22 (1998); United States v. Bowman, 267 F. App'x 296, 299 (4th Cir. 2008). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir.

6

1999).  A subsequent change in the law justifies the failure to raise an issue only where the state of the law was such that "the legal basis for the claim was not reasonably available when the matter should have been raised."  Id.  The futility of raising an issue does not establish cause. United States v. Pettiford, 612 F.3d 270, 281 (4th Cir. 2010).

To show actual prejudice, a petitioner must demonstrate that errors in the proceedings "worked to his actual and substantial disadvantage" and were of constitutional dimension.  See United States v. Frady, 456 U.S. 152, 170 (1982).  To show actual innocence, a petitioner must demonstrate that he "has been incarcerated for a crime he did not commit."  United States v. Jones, 758 F.3d 579, 584 (4th Cir. 2014), cert. denied, 135 U.S. 1467 (2015).  Actual innocence is based on factual innocence and "is not satisfied by a showing that a petitioner is legally, but not factually, innocent."  See Mikalajunas, 186 F.3d at 494.

Petitioner has procedurally defaulted his contention that this Court erred by not instructing the jury that it had to find that he committed an assault in order to convict him under Section 111.  See (Civ. Doc. No. 1 at 3, 6).  Petitioner has not raised this claim previously, has not alleged that he can establish cause and prejudice for this procedural default, and has not asserted that he is factually innocent of the offense.  In any event, as discussed above, Petitioner's contention regarding the jury instructions is meritless, in light of Briley's holding that assault is not a required element of a Section 111 offense.  Because Petitioner has not shown that he can overcome his procedural default and this Court properly instructed the jury regarding the elements of Section 111, Petitioner's claim of error in this Court's jury instructions will be dismissed as procedurally barred and without merit.  See Bousley, 523 U.S. at 621-22; Briley, 770 F.3d at 273.

**IV.    CONCLUSION**

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition. Furthermore, Petitioner's request for an abeyance of at least 30 to 60 days to obtain emails that he allegedly sent to his attorney is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 26, 2017

Robert J. Conrad, Jr.
United States District Judge